UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDERSON & ANDERSON LLP GUANGZHOU; GUANDONG HUATU LAW FIRM, & BEIJING KAIMING LAW OFFICES,

                Plaintiffs,

v.

NORTH AMERICAN-FOREIGN TRADING CORP.,

                Defendant.

No. 19-CV-3369 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Anderson & Anderson LLP Guangzhou ("Anderson Guangzhou"), Guangdong Huatu Law Firm ("Huata"), and Beijing Kaiming Law Office ("Kaiming") all law firms allegedly based in China commenced this action against Defendant North American-Foreign Trading Corp. ("NAFT"), asserting claims for breach of contract, quantum meruit, implied-in-fact contract, and unjust enrichment. On June 5, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). Before the Court are NAFT's motion to dismiss the First Amended Complaint and Plaintiffs' motion for an extension of time for service of process based on excusable neglect. For the reasons that follow, NAFT's motion to dismiss is granted and Plaintiffs' motion for an extension of time is denied.

## FACTUAL BACKGROUND[1]

    Plaintiffs allege that on October 4, 2005, NAFT obtained a $22 million arbitration award against a series of Chinese corporations doing business in Shenzhen in the Guangdong Province

---

[1] The following facts are drawn from the First Amended Complaint, Dkt. 18, and are assumed to be true for purposes of this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

of China. FAC ¶¶ 2, 22. NAFT contacted Anderson Guangzhou to request the firm's assistance with enforcement of the arbitration award. *Id*. ¶¶ 3, 24. After Anderson Guangzhou referred NAFT to Huatu, NAFT and Huatu entered into a written retainer agreement on December 29, 2005 outlining the parties' roles and responsibilities and stipulating the fees to be paid to Huatu for its legal services. *Id*. ¶¶ 3, 25-26. A senior attorney at Anderson Guangzhou, David C. Buxbaum, was appointed as one of the three named agents entrusted to oversee the arbitration award enforcement efforts. *Id*. ¶ 27. On or about January 26, 2006, Huatu commenced enforcement proceedings. *Id*. ¶¶ 4, 33. On or about June 24, 2009, NAFT, Anderson Guangzhou, and Huatu agreed to retain Kaiming to assist with the ongoing enforcement efforts. *Id*. ¶¶ 5, 35. All three Plaintiffs and NAFT entered into a supplemental agreement that was intended to remain in effect until December 31, 2009. *Id*. ¶ 35, 39.

On November 3, 2009, a three-judge panel of the Intermediate People's Court of Shenzhen City issued a civil decision recognizing and enforcing the arbitration award. *Id*. ¶¶ 6, 42. The decision allowed NAFT to obtain a secured creditor interest in 172,544,050 shares of stock — independently valued at nearly $41.5 million U.S. dollars — held by the respondent in the enforcement proceedings. *Id*. ¶¶ 7, 44-45. On or about October 8, 2010, against the advice of Plaintiffs, NAFT allegedly entered into a settlement agreement through which it sold its interest in the attached assets for $11.2 million in partial satisfaction of the arbitration award, and released the remaining balance of the arbitration award for nominal consideration of 1 RMB. *Id*. ¶¶ 8, 48-50. NAFT allegedly refused to pay Plaintiffs their agreed-upon contingent fee. *Id*. ¶¶ 10, 53.

## STATE COURT ACTION[2]

On April 15, 2011, Anderson Guangzhou and Kaiming commenced proceedings against NAFT in the New York Supreme Court. *See* Murchadha Aff. ¶¶ 1, 4-6, Dkt. 29 (citing Dkt. 1, *Anderson & Anderson LLP-Guangzhou v. N. Am. Foreign Trading Corp.*, No. 651010/2011, 2017 WL 11367694 (N.Y. Sup. Ct. Nov. 29, 2017) (hereinafter "State Court Action"), *aff'd sub nom. Anderson & Anderson LLP v. N. Am. Foreign Trading Corp.*, 165 A.D.3d 511, 87 N.Y.S.3d 180 (1st Dept. 2018)). On March 26, 2012, David Buxbaum of the law firm Anderson & Anderson LLP appeared as counsel on behalf of the plaintiffs, *see id*. ¶ 7, and on June 25, 2012, Huatu was joined as a third plaintiff pursuant to a prior stipulation of the parties, *see id*. ¶ 9 & Ex. 3. On December 4, 2013, the plaintiffs filed a second amended complaint asserting causes of action substantially similar to those asserted here. *See id*. ¶¶ 13-22 & Ex. 4 (Dkt. 207, State Court Action).

Shortly after filing their second amended complaint, the plaintiffs moved for summary judgment despite the fact that no discovery had taken place. *See id*. ¶ 23 (citing Dkts. 211-215, State Court Action). The plaintiffs submitted an affirmation of fact by David Buxbaum — who was also their attorney — in support of their motion for summary judgment. *See id*. ¶ 24. NAFT moved to disqualify Buxbaum on the grounds that (1) his representation presented a conflict

---

[2] The following facts are drawn from the filings in the New York State Court proceedings as well as the affirmations and exhibits the parties filed in support of their briefs in this action. The First Amended Complaint provides a hyperlink to the New York Supreme Court docket, Dkt. 18 at ¶ 55 n.2, attaches a New York Supreme Court hearing transcript and order, Dkts. 18-9 & 18-10, and attaches the New York Supreme Court Appellate Division, First Department's order affirming dismissal, Dkt 18-11. Accordingly, the state court filings are incorporated into the First Amended Complaint by reference. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."). The Court considers the affirmations and exhibits the parties filed in support of their briefs in this action because when facts regarding subject-matter jurisdiction are contested, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

between his former client (NAFT) and his current clients (the plaintiffs) in violation of Rule 1.9 of the New York Rules of Professional Conduct, and (2) he was an essential witness and therefore his participation as counsel violated Rule 3.7 of the New York Rules of Professional Conduct. *See id*. (citing Dkts. 229-232, State Court Action). The court granted NAFT's motion to disqualify Buxbaum on both grounds, *see id*. ¶¶ 25-26 & Ex. 6 (Dkt. 270, State Court Action), and the Appellate Division, First Department affirmed, *see id*. ¶ 27 & Ex. 7 (*Anderson & Anderson LLP Guangzhou v. North American Foreign Trading Corp.*, 139 A.D.3d 464, 31 N.Y.S.3d 60 (1st Dept. 2016)).

After the plaintiffs' new counsel appeared, they filed a note of issue — a sworn statement that the action was trial-ready and that no further discovery was needed — and another motion for summary judgment. *See id.* ¶ 28 (citing Dkts. 370, 392-98, State Court Action). NAFT filed a motion to strike the note of issue. *See id*. ¶ 29. The court granted NAFT's motion in an oral ruling on October 18, 2016, stating that "there are several discovery items outstanding including fact discovery, and, significant, expert discovery" and describing the plaintiffs' decision to file a note of issue as "ridiculous" and "a little bit disingenuous, to put it mildly." *Id*. ¶ 29 & Ex. 8, at 7:2-3, 13:13-19 (Dkt. 457, State Court Action & Oct. 18, 2016 Tr., State Court Action).

The court next set a discovery schedule, *see id*. ¶ 30 & Ex. 9 (Dkt. 453, State Court Action), with which the plaintiffs failed to comply, *see id*. ¶ 31. At a December 13, 2016 conference, the plaintiffs' counsel stated that he had "difficult communicating" with his clients, and that although he had agreed to produce certain discovery, he "wasn't able to obtain any previous documents." *See id*. ¶ 33 & Ex. 11, at 4:2-10 (Dec. 13, 2016 Tr., State Court Action). Shortly thereafter, the plaintiffs' counsel moved for leave to withdraw on the grounds that the plaintiffs were not cooperating with their own attorneys. *See id.* ¶ 33 (citing Dkt. 470, State

Court Action).

At a February 7, 2017 conference, the plaintiffs' counsel reiterated that he had failed to comply with the court's discovery schedule because of his difficulty reaching his clients, stating, "We communicated with the client[s], they didn't respond, because we don't have that information to respond, it's in the custody of the plaintiffs themselves. They never responded." *See id*. ¶ 34 & Ex. 12, at 17:17-20 (Feb. 7, 2017 Tr., State Court Action). The court granted the plaintiffs' counsel's motion to withdraw, scheduled a conference for March, and stated, "I expect to hear that documents have been exchanged and that we're on to the next stage . . . I expect a great deal of progress." *See id.* ¶ 34 & Ex. 12, at 22:12-17.

At the March 17, 2017 conference, the plaintiffs' newest counsel explained that he had not produced any documents because he had "received nothing from . . . any of the firms in China." *See id*. ¶ 35 & Ex. 13, at 8:19-21 (March 17, 2017 Tr., State Court Action). The court directed NAFT to file a motion to hold the plaintiffs in contempt of court. *See id*. at Ex. 13, at 9:13-17. By March 24, 2017, the court-ordered date for the end of fact discovery, the plaintiffs had not produced any documents and none of their witnesses had been deposed. *See id*. ¶ 35.

In April 2017, NAFT moved for sanctions and the plaintiffs' counsel moved to withdraw. *See id*. ¶ 36. The court held oral argument and issued an oral ruling on May 23, 2017. *See id*. ¶ 37 & Ex. 14 (May 23 Tr., State Court Action). The plaintiffs' counsel stated, "To date, I have not been given any documents by any of the plaintiffs. So, I have nothing to turn over." *Id*. ¶ 37 & Ex. 14, at 14:25-15:2. The court granted NAFT's motion for sanctions, granted the plaintiffs' counsel leave to withdraw, and entered a 30-day stay to allow the plaintiffs to designate new counsel. *See id*. ¶ 37 & Ex. 14. The court also entered a conditional order that required the plaintiffs to produce all discovery within a specified period following the lifting of the 30-day

stay and provided that failure to do so would result in the automatic striking of the complaint. *See id*. ¶ 37 & Ex. 14. The court incorporated its oral ruling into a written order on June 5, 2017. *See id*. ¶ 38 & Ex. 14.

When the plaintiffs failed to produce the required discovery by the court-ordered deadline, NAFT moved to enforce the conditional order. *See id*. ¶ 39. On September 22, 2017, the court granted the motion and struck the plaintiffs' complaint. *See id*. ¶ 39 & Ex. 15 (Dkt. 870, State Court Action). The court held:

> The Court finds plaintiffs have failed to offer a reasonable excuse for [their] failure to comply with the June 5, 2017, conditional order and have continually shown this Court disrespect for its rulings and a blatant disregard of its orders. In furtherance of the conditional order of June 5, 2017, having found plaintiff[s] failed to timely secure new counsel and failed to comply with the discovery demands and production of witnesses for depositions, plaintiffs have violated this order, failed to litigate their case, and, therefore, the complaint is hereby stricken.

*Id*. ¶ 39 & Ex. 15, at 16-17. The court also stated that, "for literally years, years and years, from 2014 on," it was "constantly, constantly being lied to" by the plaintiffs. *Id*. ¶ 39 & Ex. 15, at 20. The court marked the action "Case Disposed." *Id*. at Ex. 15.

The plaintiffs appealed the decision to the Appellate Division, First Department, which affirmed the dismissal of the complaint on October 18, 2018. *See id*. ¶¶ 40-41 & Ex. 16 (*Anderson & Anderson LLP v. N. Am. Foreign Trading Corp.*, 165 A.D.3d 511, 87 N.Y.S.3d 180 (1st Dept. 2018)). On October 23, 2018, the New York Supreme Court docketed a remittitur from the Appellate Division. *See id*. ¶ 42 & Ex. 23 (Dkt. 902, State Court Action).

## PROCEDURAL BACKGROUND

On April 16, 2019, Plaintiffs commenced this action, asserting claims for breach of contract, quantum meruit, implied contract, breach of fiduciary duty, and unjust enrichment against Defendants Edith Lowinger and NAFT. Dkt. 1. Plaintiffs were initially represented by

6

David C. Buxbaum, the attorney who was disqualified in the New York Supreme Court action. After the Clerk of Court issued a summons as to each Defendant on April 17, 2019, Dkts. 5-6, Plaintiffs filed affidavits of service on May 8, 2019, Dkts. 8-10, attesting that NAFT was served on April 22, 2019 and the estate of Edith Lowinger was served on April 29, 2019. Defendants filed a motion to dismiss on May 30, 2019. Dkt. 13. Plaintiffs then filed a First Amended Complaint on June 5, 2019, Dkt. 18, which only named NAFT as a Defendant and included the same claims as the initial complaint except for breach of fiduciary duty. Plaintiffs also filed a notice of substitution of attorney on June 12, 2019, Dkt. 19, which the Court granted that day, Dkt. 20.

NAFT filed a renewed motion to dismiss the First Amended Complaint on June 24, 2019, Dkt. 27. Although NAFT's motion does not cite to the Federal Rules of Civil Procedure, the Court construes NAFT's motion as raising arguments under 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs opposed NAFT's motion on July 15, 2019, Dkt. 38, and NAFT replied in support thereof on July 25, 2019, Dkt. 41.

On July 15, 2019, Plaintiffs moved for an extension of time for service of process based on excusable neglect. Dkt. 37. NAFT opposed Plaintiffs' motion on July 25, 2019, Dkt. 40, and Plaintiffs replied in support thereof on August 1, 2019, Dkt. 43.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. "In resolving a

motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain*, 838 F.3d at 134 (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Id.* (quoting *Zappia Middle E. Constr. Co.*, 215 F.3d at 253).

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F.Supp.3d 318, 320 (S.D.N.Y. 2016). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*, No. 13-CV-7639 (LTS), 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016) (citation omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick*, 861 F.3d at 35 (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

## DISCUSSION

NAFT's motion to dismiss raises four arguments. First, NAFT argues that this action

8

was commenced in bad faith by attorney David C. Buxbaum after he was disqualified in the state court action pursuant to Rules 1.9 and 3.7 of the Rules of Professional Conduct. NAFT argues that Plaintiffs are now collaterally estopped from relitigating the issue of Buxbaum's disqualification in this Court. NAFT further argues that Plaintiffs' substitution of counsel following the filing of the First Amended Complaint "did nothing to cure the ethical violation by Buxbaum or the harm to Defendant." Mot. to Dismiss at 8.

Second, NAFT argues that Plaintiffs have failed to meet their burden of establishing the existence of federal diversity jurisdiction. Although Plaintiffs allege in the First Amended Complaint that Anderson Guangzhou "was and is a corporation organized and operating under Chinese law, with its principal place of business located in Guangzhou, Guangdong Province, China," FAC ¶ 12 n.1, NAFT argues that Anderson Guangzhou is in fact a limited liability partnership. Indeed, Plaintiffs describe Anderson Guangzhou as a "limited liability entity" in the initial complaint in this action, Compl. ¶ 13, Dkt. 1, and as a "limited liability partnership" in the second amended complaint in the state court action, Murchadha Aff. ¶ 4 & Ex. 4 ¶ 3, Dkt. 29. "[F]or purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 96 (1990)). Accordingly, NAFT argues that Plaintiffs have failed to establish that each of the partners of Anderson Guangzhou has diverse citizenship.

Third, NAFT argues that this action is barred by the six-year statute of limitations for breach of contract actions in New York. *See* N.Y. C.P.L.R. § 213(2) (providing that "an action upon a contractual obligation or liability, express or implied" "must be commenced within six years"). Plaintiffs concede that this action was filed after the six-year statute of limitations for

9

breach of contract actions, yet argue that the action is nonetheless timely because it falls within New York's "Savings Statute." N.Y. C.P.L.R. § 205(a). NAFT argues that Plaintiffs cannot rely upon the Savings Statute for two reasons. First, NAFT argues that Plaintiff failed to effect service within six months after the termination of the state action, as required by the Savings Statute. Second, NAFT argues that the Savings Statute is inapplicable because the state action was dismissed for "neglect to prosecute" due to Plaintiffs' repeated failure to comply with discovery orders.

Finally, NAFT argues that Plaintiffs have not properly served their complaint. Plaintiffs attempted to serve the summons and complaint on a receptionist who was walking through the lobby of the building where NAFT's office is located. *See* Chang Aff. ¶¶ 5-11. NAFT claims that the receptionist is neither an employee nor an agent of NAFT (but rather an employee of a different business that shares office space with NAFT), that she was not authorized to accept service on behalf of NAFT, and that she affirmatively refused to accept service. *See id*. ¶¶ 1, 4-11.

For the reasons that follow, the Court holds that it does have diversity jurisdiction over the action. It further finds, however, that that this action falls outside of the New York Savings Statute, N.Y. C.P.L.R. § 205(a), because it was dismissed by the state court for neglect to prosecute. Accordingly, the Court grants NAFT's motion to dismiss, and does not reach NAFT's arguments in the alternative that the action was commenced by disqualified counsel and that Plaintiffs have failed to effect timely service. Because this action would be dismissed even if Plaintiffs had timely served their First Amended Complaint, the Court denies as moot Plaintiffs' motion for an extension of time to effect service.

## I. The Court Has Diversity Jurisdiction Over This Action

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain*, 838 F.3d at 134 (quoting *Makarova*, 201 F.3d at 113). "A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Plaintiffs argue that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because all three Plaintiffs are citizens of China and NAFT is a citizen of New York. "[D]iversity jurisdiction exists over civil actions (1) between 'citizens of different States' and (2) between 'citizens of a State and citizens or subjects of a foreign state,'" provided the amount in controversy exceeds $75,000. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (quoting 28 U.S.C. § 1332). Diversity jurisdiction "is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Id*. "[F]or purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." *Handelsman*, 213 F.3d at, 52 (2d Cir. 2000) (citing *Carden*, 494 U.S. at 195 96); *see also Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017). "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so . . . § 1332(a) does not provide . . . jurisdiction over a suit to which such persons are

parties." *Herrick Co.*, 251 F.3d at 322 (internal citations and quotation marks omitted). "Putting these two principles together . . . generates the conclusion that if [a limited partnership] has among its partners any U.S. citizens who are domiciled abroad, then [the limited partnership and the opposing party that is a U.S. citizen] are non-diverse." *Id*. By contrast, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The parties do not dispute that NAFT is a citizen of New York and that Plaintiffs Huatu and Kaiming are citizens of China. NAFT argues, however, that Plaintiff Anderson Guangzhou is a limited liability partnership, rather than a corporation, and that it has "partners" or "members" who are U.S. citizens, thus defeating diversity jurisdiction. NAFT's argument rests on the stated name of "Anderson & Anderson *LLP* Guangzhou" (emphasis added) and Plaintiffs' prior representations in this action, the prior federal court action, and the state action. In the initial complaint in this action, Plaintiffs alleged that Anderson Guangzhou "was and is a firm engaged in legal practice, formed as a limited liability entity with its principal place of business located in Guangzhou, Guangdong Province, China." Compl. ¶ 13, Dkt. 1. In a prior federal court action before Chief Judge McMahon, Plaintiffs alleged that Anderson Guangzhou "was and is a boutique international law firm composed of various entities with offices in Guangzhou city in Guangdong Province, China." Compl. ¶5, *Anderson & Anderson LLP et al. v. North American-Foreign Trading Corp.*, 18-CV-2491-CM (S.D.N.Y. March 20, 2018). And in the second amended complaint in the state court action, Plaintiffs alleged that Anderson Guangzhou "was and is a law firm formed as a limited liability partnership with its principal place of business located in Guangdong, China." Murchadha Aff. ¶ 46 & Ex. 4 ¶ 3, Dkt. 29.

NAFT further argues that Plaintiffs' prior representations in the state court action indicate

that at least some of Anderson Guangzhou's members are U.S. citizens who reside in China. For example, attorney Courtney Delano West filed a June 7, 2017 affirmation in the state court action in which he alleged that he was a "member" of Anderson Guangzhou and had "relocated" to Guangzhou, China shortly after filing his notice of appearance. *Id*. ¶ 50 & Ex. 21 ¶ 7. West again alleged that he was "an attorney and member of Anderson & Anderson LLP Guangzhou (dba Anderson & Anderson LLP)" in an August 4, 2017 affirmation. *Id.* ¶ 47 & Ex. 19 ¶ 18. Attorney David Buxbaum also filed a September 12, 2017 affirmation in the state court action in which he alleged that he is a "member" of Anderson Guangzhou, a U.S. citizen, and a resident of China. *Id*. ¶¶ 48-49 & Ex. 20 ¶¶ 1, 4, 6.

Plaintiffs' First Amended Complaint alleges for the first time that Anderson Guangzhou "was and is a corporation organized and operating under Chinese law, with its principal place of business located in Guangzhou, Guangdong Province, China." FAC ¶ 12. The First Amendment Complaint contains a footnote asserting that "Chinese corporations register their official names in Chinese characters . . . . While Anderson uses the designation 'LLP' in its English DBA, the initials have no bearing on its status as a corporation under Chinese law." *Id*. ¶ 12 n.1. In support of their opposition to NAFT's motion to dismiss, Plaintiffs filed an affirmation by Wei Yujing, an employee of Anderson Guangzhou. Wei Aff., Dkt. 38-1.[3] Wei alleges that "Anderson & Anderson LLP Guangzhou has all the attributes of a corporation in the United States except it has a limited lifespan, initially of twenty (20) years, which can be extended." *Id*. ¶ 3. Wei further alleges that Anderson Guangzhou "is a unified corporate entity not identified by shareholders. The entity itself has limited liability; not its shareholders, and is a citizen of Guangzhou where it has its registered address. It is a corporate entity in Guangzhou, China,

---

[3] As described above, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Fountain*, 838 F.3d at 134 (citations omitted).

registered pursuant to Chinese law and its sole shareholder is a Hong Kong corporation called Anderson & Anderson Ltd." *Id*. ¶ 6. Wei further alleges that Anderson Guangzhou is considered a "limited responsibility company (also known as a limited liability company)" under Chinese law, which means that it is "liable for [its] debts only to the extent of its property." *Id*. ¶ 10. Wei also alleges that Anderson & Anderson Ltd. "owns all of [Anderson & Anderson LLP Guangzhou's] equity or registered capital," *id*. ¶ 10, and that "Anderson & Anderson LLP Guangzhou has no other shareholders nor are there any shares held by David C. Buxbaum or any other foreign entity," *id*. ¶ 11. Finally, Wei alleges that while "Anderson & Anderson has been casual about its use of its English name," the literal English translation of its Chinese name is "Anderson & Anderson (Guangzhou) Counselor's Company Limited." *Id*. ¶ 7. She attaches a copy of Anderson Guangzhou's business license and a purported English translation thereof, *id*. at Ex. A, which identifies the business as a "Limited Responsibility Company," as well as other exhibits for which she provides no English translation, *id*. at Exs. B & C.

On balance, the Court finds that Plaintiffs have established diversity jurisdiction by a preponderance of the evidence. Although the Court agrees with NAFT that Plaintiffs' prior representations about its corporate status were misleading and are inconsistent with their current representations, the Court is persuaded by Plaintiffs' assertion that "Anderson & Anderson has been casual about its use of its English name," *id*. ¶ 7, and concludes that Buxbaum and West were similarly "casual" about their use of the word "member." Other than identifying semantic inconsistencies between Plaintiffs' past and present descriptions of Anderson Guangzhou's corporate status, NAFT has not produced any evidence calling into question Wei's sworn affirmation alleging that a Hong Kong corporation, Anderson & Anderson Ltd., owns all of Anderson Guangzhou's equity and capital and that neither David C. Buxbaum nor any other

14

foreign person or entity has an ownership stake in the business. Indeed, after Plaintiffs filed Wei's affirmation, NAFT did not produce any evidence in response thereto and merely rested on its argument that Plaintiffs had "fail[ed] to explain or even mention" their prior inconsistent statements. *See* NAFT Reply at 10, Dkt. 41. Yet Plaintiffs did acknowledge these inconsistencies in Wei's affirmation, and attributed them to their "casual" use of a non-literal English translation. Wei Aff. ¶ 7. The Court is also persuaded by the reasoning of *Shanshan Shao v. Beta Pharma, Inc.*, that "a limited company formed pursuant to the laws of Hong Kong . . . should be treated as corporations for the purpose of § 1332(c)(1)" and that "Hong Kong corporations appear to be citizens of China." No. 3:14-CV-01177(CSH), 2018 WL 1882855, at *3-4 (D. Conn. Apr. 19, 2018) (internal quotation marks and citations omitted). Accordingly, the Court concludes that Plaintiffs have established by a preponderance of the evidence that Anderson Guangzhou is a wholly-owned foreign entity with Chinese citizenship, not a limited liability partnership with U.S. citizen partners. Plaintiffs have therefore established diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

## II. This Action Falls Outside the New York Savings Statute, N.Y. C.P.L.R. § 205(a)

As Plaintiffs acknowledge, this action is subject to New York's six-year statute of limitations for breach of contract actions, N.Y. C.P.L.R. § 213(2), and would be timely only if it falls within the New York Savings Statute, N.Y. C.P.L.R. § 205(a). The Savings Statute provides, in relevant part:

> If an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action . . . the plaintiff . .

---

[4] If this case were to proceed to the merits stage, NAFT would be free to produce additional evidence after discovery to challenge Plaintiffs' allegation that Anderson Guangzhou is a foreign-owned Chinese entity, as a court "must dismiss" an action if it "determines *at any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis added). Yet as explained in the following section, this action is dismissed because it is time-barred.

15

> . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

*Id.* By its plain terms, the Savings Statute does not apply to actions that have been dismissed for neglect to prosecute.

The Second Circuit has held that "[t]he obvious purpose of CPLR § 205(a) . . . is to prevent the general statute of limitations from barring recovery because a court has ordered a timely action to be terminated for some technical defect that can be remedied in a new one." *Doyle v. Am. Home Prod. Corp.*, 583 F.3d 167, 171 (2d Cir. 2009) (quoting *Graziano v. Pennell*, 371 F.2d 761, 763 (2d Cir.1967)). "However, in order to receive the benefits of 205(a) tolling, the litigant must have prosecuted his original claim diligently." *Id.*

As detailed above, the state court plainly dismissed the action for neglect to prosecute, not for a technical defect. The state court repeatedly extended its discovery deadlines and provided Plaintiffs with ample opportunity to pursue their action, including by allowing Plaintiffs to substitute new counsel after multiple attorneys moved to withdraw due to Plaintiffs' failure to communicate. *See* Murchadha Aff. ¶¶ 3-42 & Exs. 1-17. In its September 22, 2017 decision striking the plaintiffs' complaint, the court held:

> The Court finds plaintiffs have failed to offer a reasonable excuse for [their] failure to comply with the June 5, 2017, conditional order and have continually shown this Court disrespect for its rulings and a blatant disregard of its orders. In furtherance of the conditional order of June 5, 2017, having found plaintiff failed to timely secure new counsel and failed to comply with the discovery demands and production of witnesses for depositions, plaintiffs have violated this order, failed to litigate their case, and, therefore, the complaint is hereby stricken.

16

*Id.* ¶ 39 & Ex. 15, at 16-17 (Dkt. 870, State Court Action). Because the state court dismissed the case for neglect to prosecute and set forth on the record the specific conduct constituting the neglect, this action falls outside the bounds of the New York Savings Statute, N.Y. C.P.L.R. § 205(a) and is thus untimely.

**III.     Plaintiffs' Motion for an Extension of Time to Effect Service is Denied as Moot**

In light of the fact that this action falls outside of N.Y. C.P.L.R. § 205(a) because it was dismissed for neglect to prosecute, it would be dismissed even if Plaintiffs had properly effected service within six months of the termination of the state court action. Accordingly, Plaintiffs' motion for an extension of time to effect service is denied as moot.

## CONCLUSION

For the foregoing reasons, NAFT's motion to dismiss the First Amended Complaint is granted and Plaintiffs' motion for an extension of time is denied. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 27 and 37 and close this case.

SO ORDERED.

Dated:    March 18, 2020
          New York, New York

                                             Ronnie Abrams
                                             United States District Judge