| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 5/8/2020 |

ANDERSON & ANDERSON LLP – GUANGZHOU; GUANDONG HUATU LAW FIRM, & BEIJING KAIMING LAW OFFICES,

          Plaintiffs,

v.

NORTH AMERICAN-FOREIGN TRADING CORP.,

          Defendant.

No. 19-CV-3369 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 18, 2020, the Court issued an Opinion and Order granting Defendant's motion to dismiss and denying Plaintiffs' motion for an extension of time. Dkt. 44. On April 1, 2020, Plaintiffs filed a motion for reconsideration of the Court's March 18, 2020 Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Dkt. 46. Defendant filed a memorandum in opposition to the motion on April 15, 2020, Dkt. 49, and Plaintiffs filed a reply in support of the motion on April 22, 2020, Dkt. 52. For the reasons that follow, Plaintiffs' motion is denied.

**DISCUSSION**

The Court assumes familiarity with the underlying facts and procedural history of this action as set forth in its prior opinion. *See* Dkt. 44.

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To

prevail on a motion for reconsideration, the movant must identify "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA), 2019 WL 2174085, at *2 (S.D.N.Y. May 20, 2019) (quoting *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017)); *see also Shrader v. CSXTransp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).

Here, Plaintiffs do not assert any "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255. Rather, Plaintiffs argue that this Court just got it wrong when concluding that the New York state court dismissed the action for neglect to prosecute and that this action therefore falls outside the bounds of the New York Savings Statute, N.Y. C.P.L.R. § 205(a). They contend that "[t]he reality of the situation was that Plaintiffs aggressively prosecuted the action in state court and, to put it simply, the state court action was dismissed because Plaintiffs could not retain representation of its choosing within the deadline specified by the court, and because Plaintiff failed to comply with depositions pursuant to forged notices of deposition." Dkt. 46-1 at 2-3. In so doing, Plaintiffs merely recite the procedural history of the state court action and assert that "Plaintiffs did not fail to prosecute the state court action" under the standard of Federal Rule of Civil

Procedure 41(b).  *Id*. at 18.

As an initial matter, Federal Rule of Civil Procedure 41(b) is inapplicable to the state court action, which was governed instead by the New York Civil Practice Law and Rules.  The New York Savings Statute provides that a dismissed action falls outside its bounds "[w]here [the] dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise" and the judge "set[s] forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation."  N.Y. C.P.L.R. § 205(a).  The September 22, 2017 state court decision striking the plaintiffs' complaint on the grounds that "plaintiffs have failed to offer a reasonable excuse for [their] failure to comply with the June 5, 2017, conditional order and have continually shown this Court disrespect for its rulings and a blatant disregard of its orders" including by "fail[ing] to timely secure new counsel and fail[ing] to comply with the discovery demands" clearly constitutes one for neglect to prosecute under the New York Savings Statute.  Dkt. 29 (Murchadha Aff.) ¶ 39 & Ex. 15, at 16-17 (Dkt. 870, State Court Action).

In any event, Plaintiffs' motion provides no new evidence or changes in law and thus "merely attempt[s] to relitigate questions already decided."  *Papaspiridakos v. Educ. Affiliates, Inc.*, 580 F. App'x 17, 18 (2d Cir. 2014) (citing *Shrader*, 70 F.3d at 257).  Accordingly, Plaintiffs have failed to establish circumstances warranting the use of the "extraordinary remedy" of reconsideration.  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d at 614.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 46.

Dated:   May 8, 2020
         New York, New York

                                            Ronnie Abrams
                                            United States District Judge